**In re Alan A. LITTELL, Debtor.**

**Mary A. LITTELL and Marsha Sue Littell, Movants,**

v.

**Alan A. LITTELL, Respondent.**

**Bankruptcy No. 85-01361-H3-5. Adv. No. 85-0589.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 26, 1986.

Mary A. Daffin, Houston, Tex. (Bridges & Nichols, Grace M. Nichols, St. Charles, Mo., of counsel), for movants.

Richard L. Fuqua, P.C., JoAnn Lippman, Houston, Tex., for debtor.

EDWARD J. RYAN, Bankruptcy Judge.

On February 28, 1985, debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code ("Code"). Soon after the filing of his petition, debtor requested and was granted an extension of time to file his schedules and statements of affairs. They were filed on April 16, 1985, after the first meeting of the creditors. By order dated March 19, 1985, the first meeting of creditors was held on April 10, 1985. That order also fixed the deadline for filing

complaints to determine dischargeability of debts as June 8, 1985. All interested persons, including the movants, were mailed notices of the order.

Before this court now are two requests for relief filed by Mark A. Littell and Marsha C. Littell ("movants"), creditors of the debtor, Alan A. Littell.

One is a motion for extension of time to file a complaint objecting to debtor's discharge. The other is a dischargeability complaint.

On June 7, 1985, one day before the deadline fixed for filing dischargeability complaints, movants filed a request for extension of time to file a complaint *objecting to discharge*.[1]

Twenty-eight days later movants filed their complaint relying on claims of nondischargeability under § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6) of the Code. Movants filed their complaint on July 5, 1985.

Their excuse for not filing their complaint on time, was the debtor's alleged lack of cooperation in providing movants with the necessary documents. The motion for an extension of time came on for hearing on January 14, 1986.

Movants did not provide a sufficient explanation why they had not obtained the necessary documents and information from the debtor so they could have filed their complaint prior to June 8, 1985. The moving parties, as any creditor, should have examined the debtor and his financial records at the first creditor's meeting and obtained all necessary documents at that meeting. If those records were unavailable at the meeting, movants could have conducted an examination of the debtor under Rule 2004 prior to June 8, 1985. At such an examination, movants could have requested debtor to bring all applicable documents which movants required to file their complaint.

Had movants used due diligence, they could have obtained the necessary information for timely preparation of a complaint.

Bankruptcy Rule 4007 governs the time limitation for filing a complaint to determine dischargeability of a debt. Rule 4007(c) of the Bankruptcy Rules fixes the time within which a complaint to determine dischargeability under § 523(c) must be filed. The rule allows for an enlargement of time to file a complaint upon motion which "shall be made before such time has expired."

A bankruptcy court can grant a motion for extension of time to file a dischargeability complaint. The Rule requires that such a motion be made before the fixed deadline has expired. *In re Floyd*, 37 B.R. 890 (N.D.Texas 1984), *In re Figueroa*, 33 B.R. 298 (S.D.N.Y.1983). When an appropriate motion to extend time is not made before the fixed deadline, any complaint filed thereafter is untimely. *Edwards v. Whitfield (In re Whitfield)*, 11 C.B.C.2d 193, 41 B.R. 734 (W.D.Ark.1984), *Collier on Bankruptcy*, 15th ed. 4:727.14[3].

In the case at hand, movants timely filed a motion for an extension of time to file a complaint objecting to discharge, deemed to be a motion for extension of time to file a dischargeability complaint, upon which the movants now seek relief.

Movants having failed to show that the court should grant its motion for extension of time to file a complaint of dischargeability within the time frame of 11 U.S.C. 523(a)(3)(B), their dischargeability complaint cannot be considered. The claims set forth in that complaint are barred against the debtor; the complaint is dismissed.

It is ordered that the motion for an extension of time be and the same is denied. The above-mentioned dischargeability complaint is dismissed. Let judgment enter accordingly.

---

1. Deemed to be one to determine dischargeability for purposes of this motion only. Cf. *In re Lagrotteria*, 11 C.B.C.2d 664, 42 B.R. 867 (N.D. Ill.1984). *See* 11 U.S.C. § 1121.