**In re Roland P. LEARY, Debtor.**

**Bankruptcy No. 95–42160–JFQ.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 24, 1995.

M. Ellen Carpenter, Kern, Hagerty, Roach and Carpenter, Boston, MA, for F.D.I.C.

Joseph S.U. Bodoff, Hinckley, Allen and Snyder, Boston, MA, for Roland P. Leary.

### OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Before the court is a motion by the Federal Deposit Insurance Corporation ("FDIC"), a creditor in this case, to extend the time to object to the debtor's discharge. After holding a hearing on August 22, 1995 on this motion, and the objection thereto by the debtor, I took the matter under advisement. For the reasons set forth below, the FDIC's motion is denied.

The debtor filed his chapter 7 petition on May 12, 1995 and on June 14, 1995 a meeting of creditors pursuant to section 341 of the Code was held. Therefor, by operation of Federal Rule of Bankruptcy Procedure 4004(a), the deadline for filing a complaint objecting to discharge under section 727 of the Code was August 14, 1995. On August 4, the FDIC filed its motion to extend this deadline some 30 days, until September 13, 1995. In its motion, it cited as grounds for this extension the need to examine the debtor to determine whether to file a complaint. It noted the debtor's "complex personal financial history" and the fact that the debtor did not have tax returns or trust documents available at the 341 meeting to assist him in answering the FDIC's questions. Contemporaneous with its motion to extend, the FDIC filed a motion for leave to examine the debtor pursuant to Rule 2004 and for production of documents.

According to Rule 4004(b) an extension of time to object to discharge should only be granted "for cause." The FDIC, says the debtor, has not alleged sufficient cause to support this extension. I agree. On its face, the motion gives no indication of any reason to suspect there exist grounds to object to the debtor's discharge. Indeed, this is precisely why the FDIC wishes to examine the debtor—to conduct what is commonly known as a "fishing expedition" to determine if such grounds exist. Nor has the FDIC given any reason why it waited several weeks after the 341 meeting, at which it attended and participated, and ten days before the expiration of the deadline to even pursue the requested 2004 examination. At the hearing, FDIC's counsel explained it was in the process of moving offices. Yet administrative inconvenience, real as it may be, is not enough to explain a seven week lapse. See, e.g., In re Farhid, 171 B.R. 94 (N.D.Cal. 1994) (creditor not entitled to extension when she was aware of bankruptcy proceedings from beginning but did not attend creditors' meeting or make any request to debtor for data needed to determine if there was cause to file complaint); In re Dekelata, 149 B.R. 115 (Bankr.E.D.Mich.1993) (creditors waiting until 11 days before complaint deadline to request examination failed to establish requisite cause to extend deadline); Littell v. Littell (In re Littell), 58 B.R. 937 (Bankr. S.D.Tex.1986) (motion to extend time to object to discharge denied where creditors failed to explain why they did not obtain information needed from debtor at first creditors' meeting or conduct 2004 examination earlier, so they could have timely filed complaint). Some due diligence must be shown on the part of the moving creditor before an extension will be granted. Id.

Courts have granted such an extension "for cause". See, e.g. In re Kellogg, 41 B.R. 836 (Bankr.W.D.Okla.1984) (deadline extended after court found complexities existed and many parties and issues were affected); In re Floyd, 37 B.R. 890 (Bankr.N.D.Tex.1984) (deadline extended to enable creditor to undertake discovery and clarify its position where affairs of debtor were complex). However, in such cases, the affairs of the debtor have been complex and many parties have been involved. In this case, the FDIC has a long history with the debtor, and no complexities are alleged in its relationship with the debtor.

For these reasons, the FDIC's motion is denied. A separate order has issued.