**In the Matter of Victor Martinez AMEZAGA, Elsie Awilda Rivas Bruno, Debtors.**

**ARP and the Several Air Carriers, Plaintiff,**

**Victor Martinez Amezaga, Elsie Awilda Rivas Bruno, Defendants.**

**Bankruptcy No. 92–03943 ESL.**

Adv. No. 93–0120.

United States Bankruptcy Court, D. Puerto Rico.

Jan. 26, 1996.

Lawrence E. Duffy, Martinez–Alvarez, Fernandez Paoli, Menendez Monroig, Menendez Cortada & LeFranc Romero, Santurce, Puerto Rico, for Plaintiffs ARP and The Several Air Carriers.

Wallace Vazquez Sanabria, San Juan, Puerto Rico, for Defendants Victor Martinez Amezaga and Elsie Awilda Rivas Bruno.

### OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This adversary proceeding is before the court upon plaintiff's motion for sanctions and for an order to compel discovery (docket No. 43), plaintiff's memorandum in support thereof (docket No. 44), plaintiff's statement of facts in support of motion for sanctions and for an order to compel discovery (docket No. 45), defendants' reply to memorandum in support of plaintiff's motion for sanctions (docket No. 52) and plaintiff's reply to defendants opposition to plaintiff's motion for sanctions (docket No. 56). There are two basic issues for this court to decide. First, if the court should revisit the issue that the complaint was filed late and, second, whether defendants have complied with the discovery

requests or not so as to warrant the imposition of sanctions.

## I. Background

On June 26, 1992 debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The § 341 meeting combined notice set September 25, 1992 as the deadline to file § 523(c) and § 727 complaints. On July 15, 1992 ARP moved the Court for a Rule 2004 examination. On July 23, 1992, after the limitations period of 15 days set by Rule 1007(c) of the Federal Rules of Bankruptcy Procedure expired, debtors filed the required statement and schedules.

On September 14, 1992 ARP and the trustee moved for an extension of time to file complaints under 11 U.S.C. § 523(c) and § 727 alleging specific discovery problems. The court found the discovery relevant to a possible complaint objecting to discharge. *See* docket No. 7, p. 4. The motion does not ask for a specific period of time but for an extension "until completion of the examinations and study of evidence of the debtors (sic) affairs has been completed." On September 17, 1992, only three days after the filing of the motion, the court granted a "60 day extension." Debtors-defendants now take the position that the court "very leniently, and against the plain language of Rule 4004(b) granted a 60 days extension." Debtors cite extensively from the decision on appeal in this district. *In re Quiñones Rivera,* 184 B.R. 178 (D.P.R.1995).

At the outset, the court clarifies that the September 17, 1992 order was entered by Judge De Jesús.[1] However, it follows the same sequence and timing as the one entered by this court in that case when an extension to allow discovery was also granted three (3) days after its filing. It is further noted that since the *Quiñones Rivera* decision, the undersigned waits eleven (11) days before acting on a motion to extend the time to file complaints objecting the dischargeability of a debt and/or the discharge of a debtor, thereby, allowing time for objections to be filed. However, it is the practice of the bankruptcy court in the district to grant (or deny) such

extensions without an actual hearing. *See* L.B.R. 9014.

On September 24, 1992 after the Court had entered the order granting the extension, debtors filed an objection to the motion for extension. On April 23, 1993 ARP moved for a further extension and on April 26, 1993 debtors moved for a discharge order. Both motions were scheduled for a hearing and were heard on September 27, 1993. The court, after hearing the parties, entered a bench ruling granting the "further" extension of time and allowed five days for the filing of the complaint.

On October 4, 1993 plaintiff's complaint objecting to debtors' discharge was filed. Paragraph one (1) of the complaint pleads jurisdiction under 28 U.S.C. § 157(b) alleging that the controversy is a core proceeding. On November 29, 1993 debtors-defendants answered the complaint admitting the jurisdictional statement and, on February 15, 1994 filed a statement of facts for which there is no genuine issue which sets forth that: (1) this court has jurisdiction; and (2) this is a core proceeding.

## II. Extension of time to file a complaint objecting to debtor's discharge and Rule 4004(b) of the Federal Rules of Bankruptcy Procedure

■ If Rule 4004(b) were a jurisdictional statute as debtors now plead, their argument would have to be denied without much discussion as debtor have admitted to this court's jurisdiction in both the answer to the complaint and in their statement of uncontested facts in support of the motion for summary judgment. However, Rule 4004(a) & (b) prescribe the period within which a complaint objecting to discharge must be filed and the corresponding procedure. It is, thus, a statute of limitations.

■ A statute of limitations is an affirmative defense and not a jurisdictional issue; *O'Neel v. National Association of Securities Dealers, Inc.,* 667 F.2d 804 (9th Cir.1982); *Tallman v. Udall,* 324 F.2d 411, 418 (D.C.Cir.1963); unless it is a suit against the United States as sovereign; *Park County, Montana v. U.S.,* 626 F.2d 718 (9th Cir.1980).

---

**1.** The case was transferred to the undersigned on October 8, 1992. *See* docket No. 13.

The principle is extensive to criminal actions. *Acevedo–Ramos v. U.S.*, 961 F.2d 305 (1st Cir.1992). Debtors did raise the affirmative defense of the statute of limitations in their answer. Therefore, the affirmative defense was not waived. *Farouki v. Emirates Bank Intern., Ltd.*, 14 F.3d 244 (4th Cir.1994).

■ The first timely motion for enlargement of time was granted without an actual hearing. The second motion for further extension was granted after an actual hearing but was predicated in Rule 9006 of the Fed. R.Bank.P., not Rule 4004(b). *See*, transcript, docket No. 32. Did the court err in granting the first extension without an actual hearing and for the purpose of conducting discovery? Upon revisiting the matter, we find that an actual hearing is not necessary and that to allege need for discovery constitutes cause for enlargement.

While a literal reading of Rule 4004(b) may indicate that an actual hearing is necessary, as construed by one judge in this district, *Quiñones*, 184 B.R. at 183 (J. Casellas), it is not a district wide precedent. This court declines to find that an actual hearing is required by Rule 4004(b) in light of 11 U.S.C. § 102(1). The election is premised on efficiency. *See*, Levin, David A., *Precedent and the Assertion of Bankruptcy Court Autonomy; Efficient or Arrogant*, 12 Bankr.Dev.J. 185 (1995).

Rule 4004(b) provides that:
On motion of any party in interest, *after hearing on notice*, the court may extend for *cause* the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired (emphasis added).

■ There are five basic requirements in Rule 4004(b): 1) that a motion be filed; 2) by a party in interest; 3) that the order be entered after hearing on notice; 4) that the extension be for cause; and 5) that the motion be filed before the time has expired. A clear and affirmative action is necessary, thus, a motion must be filed by a party in interest; that is, absent extraordinary circumstances compelling an order under 11 U.S.C. § 105(a), the court may not act sua sponte. The motion for extension must be filed before the period has expired because Rule 4004(c) and 11 U.S.C. § 727(a) expressly state that the Court shall forthwith grant a discharge upon the expiration of the time fixed for filing a complaint objecting to discharge. These three requirements have been met and are uncontested. There are two remaining requirements in controversy; the need for an actual hearing and what constitutes cause.

■ The concept "after notice and a hearing" in bankruptcy is a term of art which, as defined in the Bankruptcy Code, "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." *See* 11 U.S.C. 102(1). The legislative history of the Bankruptcy Reform Act of 1978 clearly indicates that the concept is crucial in implementing the Bankruptcy Code's express intent to separate the administrative and judicial functions of bankruptcy judges. The purpose is to expedite matters while complying with the constitutional right to due process. Section 102(1) also includes "or a similar phrase" within the "after notice and a hearing" concept. We find that "hearing on notice" is similar to "after notice and a hearing" and clearly different from the statutory provisions stating that the Court "shall hold a hearing." *See*, e.g., 11 U.S.C. §§ 524(d), 1128, 1224 & 1324.

A concise and excellent explanation can be found in Norton's treatise which states that the Advisory Committee has been amending the rule to correct inconsistencies caused by the phrase "after hearing on notice" by clearly conforming the wording to the "after notice and a hearing" concept.[2] Therefore, Rule 4004(b) does not require an actual hearing because "hearing on notice" is a similar phrase to "after notice and a hearing" and its meaning is governed by 11 U.S.C. § 102(1).

■ We now turn to what constitutes cause to extend the period to object the discharge of a debtor. Section 727(a) of the Bankruptcy Code and Rule 4004(c) of the F.R.B.P. place mandatory and quasi ministe-

---

**2.** 1 William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d*, § 10.1 (1994).

rial duties on the court to grant a discharge forthwith after the time to object has expired. Rule 4004(b) clearly states that any extension of time must be filed before the period has expired. These are time limits that must be strictly construed, and, which operate in debtor's favor and to meet the Bankruptcy Code's intent of providing a fresh economic start.

 However, the Bankruptcy Code provides, to a substantial extent, for the balancing of the interests of the debtors against those of creditors. Timeliness in filing objections to discharge is one example. *See In re Voller,* 154 B.R. 5, 8 (D.Mass.1993). Given the strictures of Section 727(a) and Rule 4004(c), requests for extensions of time to object to discharge "should be granted liberally absent a clear showing of bad faith." *In re Kellogg,* 41 B.R. 836, 838. (Bankr. W.D.Okl.1984); *Brown v. Naccari,* 160 B.R. 784, 786 (E.D.La.1993). *But, see, In re Leary,* 185 B.R. 405 (Bankr.D.Mass.1995) ("fishing expeditions" are not "cause" within the meaning of Rule 4004(b)).

 This court liberally grants motions for extensions of time to object to discharge when the need for discovery is the basis of the request. The liberality in granting the extensions balances the strict compliance of deadlines mandated by Rule 4004(c) and fosters rudimentary fair play and clean hands notions, thereby preventing debtors from playing "fast and loose with their assets or with the reality of their affairs." *In re Tully,* 818 F.2d 106, 110 (1st Cir.1987).

### III. Discovery

The record is full of instances of debtors' reticence and elusiveness to discovery attempts in the action before the Superior Court of Puerto Rico and before this court. The inability to obtain discovery gives the impression that plaintiffs are unable to escape a "black hole." *See* Dempsey, Kevin P., *Escape from the Black Hole: Post–Deadline Pre–Discharge Discovery of Grounds from Denial of Discharge,* 99 Com.L.J. 317 (Fall 1994).

 However, after reviewing the voluminous number of documents by both parties the court is unable to determine with specificity what discovery is pending production. Therefore, plaintiff shall file a motion within fifteen (15) days detailing any pending discovery.

Debtors' attorney has been treading a thin line between zealous advocacy and lack of civility towards opposing counsel. The court defers ruling on the request for sanctions but admonishes as to the conduct expected of attorneys as officers of the court.

### IV. Conclusion

In view of the foregoing the court orders as follows:

1. Rule 4004(b) of the Federal Rules of Bankruptcy Procedure does not require an actual hearing. Therefore, the complaint was timely filed.

2. Plaintiff shall file with the court within fifteen (15) days a designation of pending discovery requests.

SO ORDERED.