**In re Michael A. MENDELSOHN, Debtor.**

**Bankruptcy No. 96B 20106 (ASH).**

United States Bankruptcy Court, S.D. New York.

Nov. 4, 1996.

The Law Office of William M. Joyce by William M. Joyce, Rye, NY, for Movant.

Laurence Y. Solarsh, White Plains, NY, for Debtor.

### DECISION ON MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

Herman B. Fine ("Fine") has moved pursuant to Bankruptcy Rule 4007(c) to extend his time to file a complaint objecting to the discharge of debtor Michael A. Mendelsohn.

On January 22, 1996, the debtor filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code. In his answer to question 4 on the Statement of Financial Affairs filed with the Court the debtor attached a schedule of litigation which included *Herman B. Fine v. Michael Mendelsohn,* Index No. 15329–95, pending in New York State Supreme Court, Westchester County. There is no contention that Fine did not receive timely notice of the debtor's bankruptcy case. The section 341(a) meeting was set for February 22, and April 22 was the deadline to file a complaint objecting to discharge of the debtor. Neither Fine nor his state court counsel, Daniel Romano, Esq., was present at the section 341(a) meeting on February 22. Sometime around April 16 Romano consulted bankruptcy counsel William M. Joyce, Esq. On April 22, Joyce filed this motion.

832

Bankruptcy Rule 4007(c) provides that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." Fed. R.Bankr.P. 4007(c).

When a creditor fails to use diligence in gathering information pertinent and necessary to filing a complaint, the Bankruptcy Court acts within its discretion in denying a motion for an extension of time. *In re Littell,* 58 B.R. 937 (Bankr.S.D.Tex.1986); *In re Dekelata,* 149 B.R. 115, 117 (Bankr. E.D.Mich.1993) ("The creditors had months ... and sat on their rights. I conclude that the creditors have not established 'cause' for purposes of Rule 4007(c) [footnote omitted]"); *In re Farhid,* 171 B.R. 94, 97 (N.D.Cal.1994) ("Though listed as a creditor and fully aware of the proceedings from the beginning, she failed to attend the creditor's conference or make any requests to debtor for data needed to determine if cause existed to file a complaint objecting to discharge or nondischargeability").

In the present dispute Fine ignored the section 341(a) meeting and now asserts that he will need to conduct a Rule 2004(c) examination of the debtor. Fine is not alleging that his state court action against the debtor is a complex one which would require more time to examine. *See In re Kellogg,* 41 B.R. 836, 838 (Bankr.W.D.Okl.1984) ("From previous hearings and contested matters in the case the Court is aware that there are complexities and that many parties and issues are affected"). Nor does Fine assert that the debtor was uncooperative in providing discovery. *See In re Schultz,* 134 B.R. 604, 606 (Bankr.E.D.Mich.1991) ("The creditors' inability to examine the debtor and file a complaint by March 11 was due, in part, to the failure of the debtor's attorney to respond to the request before March 4"). The only reason for Fine's motion to extend is that he did not consult bankruptcy counsel

until the eve of the April 22 deadline, and counsel, new to the case, understandably needs more time to frame a complaint under section 523(a). But Fine's lack of diligence in retaining counsel or otherwise acting to protect or assert his rights under the bankruptcy laws is not "cause" under Rule 4007(c).

Accordingly, the motion is denied. Settle order.