**In re Joan GRILLO, Debtor.**

**Bankruptcy No. 197–13463–353.**

United States Bankruptcy Court,
E.D. New York.

Sept. 12, 1997.

---

**ORDER DENYING CREDITOR'S MO-
TION FOR EXTENSION OF TIME
TO FILE COMPLAINT OBJECTING
TO DISCHARGE**

JEROME FELLER, Bankruptcy Judge.

Joan Grillo ("Debtor") commenced this chapter 7 case on April 3, 1997. The first meeting of creditors to be held pursuant to 11 U.S.C. § 341 was scheduled for May 5, 1997. The last day to file a complaint objecting to the Debtor's discharge was fixed, pursuant to Fed. R. Bankr.P. 4004(a), as July 7, 1997. PBC Partners, L.P. ("PBC"), a creditor of the Debtor, moved on July 7, 1997, for an extension of time to file a complaint objecting to the Debtor's discharge pursuant to Fed. R. Bankr.P. 4004(b). For the reasons set forth below, the motion is denied.

**I.**

PBC is the assignee of two pre-petition judgments against the Debtor aggregating, according to PBC, $1,879,720.60. On July 2, 1997, five days prior to the last day to file a complaint objecting to the Debtor's discharge, PBC moved this court for an order directing the Debtor to appear for examination and produce documents pursuant to Fed. R. Bankr.P.2004 ("Rule 2004 Motion"). The Rule 2004 Motion was directed at discovering information relating to a cooperative apartment, listed on the Debtor's petition as her mailing address, but in which the Debtor claims no ownership interest ("Premises"). PBC seems to believe that the Debtor once owned the Premises and may have fraudulently conveyed it to family members prior to the Chapter 7 filing.

On July 7, 1997, the last day to file objections to the Debtor's discharge, PBC filed a motion for an extension of time to file such a complaint ("Extension Motion"). The Extension Motion is predicated on PBC's claimed need to conduct its Fed. R. Bankr.P.2004 inquiry respecting a possible fraudulent conveyance of the Premises. *See Motion* ¶ 4 ("[T]he result of the 2004 examination may warrant the filing of a complaint objecting to the Debtor's discharge under sections 523 and 727 of the Bankruptcy Code.").[1] The Debtor opposed the Extension Motion and

Brown Raysman Millstein Felder & Steiner, LLP by Dov H. Scherzer, New York City, for Movant PBC Partners, L.P.

Zivyak Klein & Liss, LLP by Jeffrey L. Zivyak, New York City, for Debtor Joan Grillo.

---

1. PBC's Motion utilizes the following interchangeably: the terms discharge and dischargeability; sections 523 and 727 of the Bankruptcy Code; and Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure. The Rule 2004 Motion and Extension Motion, however, revolve around facts entirely unrelated to the particular debt owed PBC by the Debtor. These facts sound in the nature of a possible fraudulent conveyance, i.e., a potential objection to discharge. See 11 U.S.C. § 727(a)(2)(A).

filed papers to that effect, dated July 25, 1997. A hearing on the Extension Motion, initially scheduled for July 29, 1997, was adjourned to afford PBC an opportunity to respond to the Debtor's opposition. PBC filed a "Reply in Further Support of Extension Motion" ("Reply"), dated August 21, 1997.

PBC's Reply elaborates somewhat on the basis of its Extension Motion. PBC indicates that it "recently obtained documents ... [which] reflect at least five transfers of the Premises each of which involves the Debtor or her immediate family members." *Reply* ¶ 2. PBC states that its Rule 2004 Motion was made in furtherance of its "efforts to investigate the Debtor's affairs." *Id.* ¶ 3. According to PBC, this "good faith effort to determine whether it has legitimate grounds upon which to object to the Debtor's discharge entitle it to an extension of time." *Id.* ¶ 4. Oral argument on the Extension Motion was heard August 28, 1997, and decision reserved.

## II.

■ Fed. R. Bankr.P. 4004(c) provides that "on expiration of the time fixed for filing a complaint objecting to discharge ... the court shall *forthwith* grant the discharge ...." (emphasis added). "This requirement is designed to bring about an expeditious discharge in chapter 7 cases and a prompt fresh start for the debtor...." 9 *Collier on Bankruptcy* ¶ 4004.04[1] at 14004–14 (Lawrence P. King, ed., 15th ed. rev.1997). Accordingly, objections to a chapter 7 debtor's discharge must be filed not later than 60 days following the first date set for the meeting of creditors required by 11 U.S.C. § 341(a). Fed. R. Bankr.P. 4004(a). This time period may be extended only on motion of a party in interest made before such time has expired, and only for "cause". Fed. R. Bankr.P. 4004(b).

■ As a creditor, PBC is clearly a party in interest with standing to file the Extension Motion. In addition, the Extension Motion, filed on the very last day of the 60 day time period to object to the Debtor's discharge was, at least technically, timely made.[2] Accordingly, the only issue before the court is whether sufficient *cause* was shown to warrant the granting of the Extension Motion. PBC has failed to sustain its burden of showing any cause, much less sufficient cause, for an extension.

Fed. R. Bankr.P. 4004(b) does not define what constitutes cause sufficient to warrant an extension of time to file objections to discharge. However, this court has the benefit of certain guideposts which compel a strict interpretation of the cause requirement of that rule.

■ As a general matter, the deadlines provided for in the Federal Bankruptcy Rules "are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case." *Dombroff v. Greene (In re Dombroff),* 192 B.R. 615, 621 (S.D.N.Y.1996) (citing *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir. 1991), *aff'd,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Dollinger v. Poskanzer (In re Poskanzer),* 146 B.R. 125, 132 (D.N.J. 1992)). Specifically, Fed. R. Bankr.P. 4004(b) was enacted in 1983 to circumscribe the flexibility permitted bankruptcy courts by predecessor Bankruptcy Rule 404(c), which contained no cause or notice requirements, and permitted requests for an extension of time to file objections to discharge after the deadline had expired. *See 9 Collier on Bankruptcy* 4004.RH[1] at 4004–24; *In re Floyd,* 37 B.R. 890, 892 (Bankr.N.D.Tex. 1984). The time for filing objections to discharge is now specifically excepted from those time periods a bankruptcy court may waive under the more liberal "excusable neglect" standard of Fed. R. Bankr.P. 9006(b)(1). *See* Fed. R. Bankr.P 9006(b)(3); *In re Desiderio,* 209 B.R. 342, 345 (Bankr. E.D.Pa.1997); *In re Floyd,* 37 B.R. at 892.

Other than a "recent" acquisition of certain documents relating to the Premises, referred to in the Reply, PBC has failed to provide

---

**2.** The Extension Motion was "made" when filed with the court. *See Coggin v. Coggin (In re Coggin),* 30 F.3d 1443, 1448 (11th Cir.1994).

the court with any indication of its effort to obtain information to posit an objection to the Debtor's discharge prior to July 7, 1997, the last date to file such objections. The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline. *See In re Farhid,* 171 B.R. 94, 97 (N.D.Cal.1994) (cause absent where creditor failed to attend section 341 meeting of creditors or request any Rule 2004 examination); *In re Mendelsohn,* 202 B.R. 831, 832 (Bankr.S.D.N.Y.1996) (no cause where creditor failed to seek a Rule 2004 examination and moved for an extension of time on last day to file objections to discharge); *In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995) (cause absent where creditor waited until ten (10) days prior to expiration of the deadline to pursue requested Rule 2004 examinations); *In re Dekelata,* 149 B.R. 115, 117 (Bankr.E.D.Mich.1993) (no cause where request for Rule 2004 examination was made for the first time 11 days prior to expiration of the deadline); *Littell v. Littell (In re Littell),* 58 B.R. 937, 938 (Bankr. S.D.Tex.1986) (no cause where creditor failed to conduct discovery and motion for extension of time was filed day before deadline was to expire); *see also Santana Olmo v. Quinones Rivera (In re Quinones Rivera),* 184 B.R. 178, 183 (D.P.R.1995) (request for extension is inappropriate where movant made "no attempts at discovery, until his motion for extension of the deadline for objecting to discharge...."); 9 *Collier on Bankruptcy* ¶ 4004.03[2] at 4004–13 (extension inappropriate where "party seeking extension has made no attempts at discovery during all or most of the time available to it."). *But see In re Amezaga,* 192 B.R. 37, 41 (Bankr.D.P.R.1996) ("This court liberally grants motions for extension of time to object to discharge when the need for discovery is the basis of the request.").

PBC was listed as a creditor on schedule F of the Debtor's petition, and as such received notice of the bankruptcy filing, information relating to the § 341 meeting of creditors and the time for the filing of objections to discharge. It is not disputed that PBC was aware of the date first set for the § 341 meeting of creditors and the resultant deadline for filing objections to discharge. PBC tarried until five days prior to expiration of the deadline to file its Rule 2004 Motion. PBC delayed until the very last day to file the Extension Motion. PBC's protestations that further time is required to determine if it may properly file a complaint objecting to the Debtor's discharge are belied by the fact that PBC sat on its rights during the entire 60 day period following the date first set for the § 341 meeting of creditors. Apart from the Rule 2004 Motion on the eve of the deadline to file objections to discharge, the record is devoid of even a hint of efforts to obtain information by PBC. Such inaction may not be rewarded with an extension of time to file objections to discharge and certainly fails to satisfy the cause requirement of Fed. R. Bankr.P. 4004(b). In sum, PBC has failed to show the slightest degree of due diligence or the presence of any unusual circumstances justifying an extension. Accordingly, the Extension Motion is denied.

It is SO ORDERED.