**In re Donald Ray WOODS, Debtor.**

**No. 00–41906–PNS3.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

March 16, 2001.

87. *In re Lykes Bros. S.S. Co., Inc.,* 207 B.R. 282, 284 (Bankr.M.D.Fla.1997).

Patti W. Halloran, Tampa, FL, Michael A. Harrison, Birmingham, AL, William E.

Bond, Jr., Pensacola, FL, for Alabama Telco Credit Union.

David E. Bailey, Jr., Pensacola, FL, for debtor.

John E. Venn, Jr., Pensacola, FL, trustee.

### ORDER DENYING CREDITOR ALABAMA TELCO CREDIT UNION'S MOTION FOR ENLARGEMENT OF TIME TO FILE ADVERSARY PROCEEDING

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CASE came before the Court upon Creditor Alabama Telco Credit Union's Motion for Enlargement of Time to file an adversary proceeding. This Court has jurisdiction under 28 U.S.C. §§ 151, 157(b)(2)(I), and 1334. The matter is subject to 11 U.S.C. §§ 523(a), 523(c)(1); and Fed.R.Bankr.P. 4007(c), 9006(b)(3). For the reasons more thoroughly explained below, the Creditor's motion to extend the time to file an adversary complaint is DENIED. The following findings of fact and conclusions of law are made in accordance with Fed.R.Bankr.P. 7052.

#### History

Debtor Donald Ray Woods filed his Chapter 7 petition on September 15, 2000. The notice of case commencement and section 341 meeting was served on September 20. The 341 meeting was held on November 7. The bar date to file a dischargeability complaint was January 8, 2001. On January 8, 2001, the Creditor filed a motion for extension of time to file a dischargeability complaint. The Debtor objected to the Creditor's motion, and the instant matter was heard February 22. The Debtor's discharge under 11 U.S.C. § 727 was granted on February 22. The Court granted the Creditor ten days to supplement the record with supporting affidavits, which were received March 1.

Alabama Telco Credit Union was listed on the Debtor's Schedule F as a creditor holding an unsecured non-priority claim, described as a signature loan. The Creditor is a credit union that issues loans and credit cards in a multi-state environment. As such, it can be classified as a sophisticated creditor. *See, e.g. In re Arnold,* 206 B.R. 560, 566 (Bankr.N.D.Ala.1997).

The Notice of Commencement, sent to the Creditor via the Bankruptcy Noticing Center on September 20, 2000, included notice of the date of the creditors' meeting, and the deadline for filing a complaint objecting to the dischargeability of certain debts. The date that the creditor actually received the notice is unknown. The affidavit of Donna Gentry, a Collection Specialist for Alabama Telco, asserts that she sent the bankruptcy notice to attorney Michael Harrison on or about October 15. The Creditor did not attend the section 341 meeting of November 7. Gentry's affidavit states that attorney Harrison requested the credit card application, credit history, transaction history, and sales receipts on November 30. Citing her December 15–26 holiday vacation, Gentry forwarded the majority of the requested data to attorney Harrison on December 30. The sales receipts were not part of that data transfer.

Attorney Harrison's affidavit does not reflect the date he was first contacted regarding the Woods case. He asserts that the additional time was requested to obtain and review the business records of the Debtor, determine which party initially solicited the credit relationship, and ascertain the nature of the transactions immediately preceding the bankruptcy. He cites the December holiday period and his lack of receipt of the sales and account histories as the reasons why he was unable to decide whether to pursue an adversary proceeding prior to the filing deadline. Counsel's affidavit does not reflect attendance at the section 341 meeting, the scheduling of a Rule 2004 examination of the Debtor, or independent investigation prior to the filing deadline.

**Discussion**

Alabama Telco seeks to file a complaint objecting to the dischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(C). The debt is a credit card obligation. A discharge under § 727 discharges an individual debtor from any debt described in § 523(a)(2) unless, on request of the creditor to whom such debt is owed, and after notice and hearing, the court determines that such debt is to be excepted from discharge. 11 U.S.C. § 523(c)(1). Thus, the debt owed to Alabama Telco is discharged as part of the general discharge afforded the debtor, unless the Creditor successfully prosecutes this action.

A Chapter 7 discharge affords a debtor to a "fresh start;" the debtor has an interest in the prompt resolution of all discharge issues. *In re Schultz,* 134 B.R. 604, 605 (Bankr.E.D.Mich.1991). The Federal Rules of Bankruptcy Procedure provide a limited time for creditors to object to the dischargeability of certain debts. *In re Davis,* 195 B.R. 422, 424 (Bankr.W.D.Mo.1996). The deadlines provided for in the Rules "are to be interpreted strictly, and in a manner consistent with the Code's policies ... favor[ing the] fresh start for the debtor, and [the] prompt administration of the case." *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Fed.R.Bankr.P. 4007(c) specifically controls the time for filing a complaint under § 523(c) in a Chapter 7 case. This Rule limits the time for filing a dischargeability complaint under § 523(c) to no later than 60 days after the first date set for the meeting of the creditors under § 341. The

court may extend the filing deadline for cause. Consequently, in order to successfully obtain an extension of time in which to file a dischargeability complaint under § 523(c)(1), relating to a debt described in § 523(a)(2), Alabama Telco had to timely file a motion for extension of time, and show cause why the motion should be granted. In this case, the motion to extend time was timely filed on January 8, 2001, the last possible day under the Rule. Our focus is on whether the movant showed sufficient diligence in its cause to warrant granting the motion to extend the filing deadline.

■■■ Service ... of notice by mail is complete on mailing. Fed.R.Bankr.P. 9006(e). Rule 9006(f) builds in three extra days to respond to time-sensitive papers served by mail. There is a legal presumption that when an item is properly addressed and placed in a mail box approved by the U.S. Post Service, it will arrive and will be delivered. *In re East Coast Brokers & Packers, Inc.*, 961 F.2d 1543 (11th Cir.1992). In this case, it can be presumed that the creditor received the notice by Monday, September 25, 2000, long before the November 7 section 341 meeting. The Creditor presented no argument or evidence suggesting that they did not receive timely notice of the commencement the Debtor's case. Thus, they had approximately 105 days (from September 25, 2000 to January 8, 2001) to conduct an appropriate investigation into the matter.

■■ There is no record of activity by Alabama Telco in this case before October 15, when the Creditor first mailed the notice to its attorney. The Creditor's affidavits reflect that its lawyer did not act on the file assignment during the 46 days between October 15 and November 30. Neither the attorney nor a representative of the creditor appeared at the section 341 meeting. Had they appeared, they would have had ample opportunity to conduct an examination of the Debtor, under oath, regarding the nature of the original credit application, the intent of the pre-petition charges at issue, and any other matters that the Creditor might have determined as necessary for an evaluation of its prospects in the proposed dischargeability complaint. Instead, the Creditor's attorney first responded to the case assignment on November 30, by requesting data maintained by or provided to third party sources by the credit union. By Ms. Gentry's own admission, it can take up to 91 days to retrieve the data from various third party sources.

Ms. Gentry's affidavit indicates that she was out of the office, on vacation, from December 15–26, 2000. She faxed and mailed a portion of the data collected from the third party sources on December 30. The Creditor argued that the holiday period was a major factor in their request for an extension of the filing deadline. That argument carries no weight. First, the vast majority of the time in which the Creditor could have investigated the case occurred prior to the holiday period. Second, it is unlikely that a sophisticated creditor lacked procedures and policies designed to adapt to the typical personnel flux from vacations and holidays. No evidence was presented that Ms. Gentry's 11–day absence from Alabama Telco prevented its attorney from attending the section 341 meeting, conducting a Rule 2004 examination, inquiring into the progress of the third party data retrieval, or performing other such activities that would have enabled him to determine whether it was feasible for his client to pursue a dischargeability action against the Debtor.

■■ A review of cases from around the country shows that a lack of diligent effort by a creditor can be fatal to a creditor's last minute attempt to achieve an exten-

sion of the deadline. "The majority view is that there can be no cause justifying an extension of time ... where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline." *In re Grillo,* 212 B.R. 744, 747 (Bankr.E.D.N.Y.1997).

In *Grillo,* the movant applied for Rule 2004 exam 5 days before filing deadline, and then moved for extension of the filing deadline on last day of deadline. The *Grillo* Court denied the extension, and synopsized the following cases in support of its holding:

> *In re Mendelsohn,* 202 B.R. 831, 832 (Bankr.S.D.N.Y.1996) (no cause where creditor failed to seek a Rule 2004 examination and moved for an extension of time on last day to file objections to discharge); *In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995) (cause absent where creditor waited until ten (10) days prior to expiration of the deadline to pursue requested Rule 2004 examinations); *Santana Olmo v. Quinones Rivera (In re Quinones Rivera),* 184 B.R. 178, 183 (D.P.R.1995) (request for extension is inappropriate where movant made "no attempts at discovery, until his motion for extension of the deadline for objecting to discharge...."); *In re Farhid,* 171 B.R. 94, 97 (N.D.Cal.1994) (cause absent where creditor failed to attend section 341 meeting of creditors or request any Rule 2004 examination); *In re Dekelata,* 149 B.R. 115, 117 (Bankr.E.D.Mich.1993) (no cause where request for Rule 2004 examination was made for the first time 11 days prior to expiration of the deadline); *Littell v. Littell (In re Littell),* 58 B.R. 937, 938 (Bankr.S.D.Tex.1986) (no cause where creditor failed to conduct discovery and motion for extension of time was filed day before deadline was to expire); see also 9 Collier on Bankruptcy ¶ T 4004.03[2] at 4004–13 (extension inap-

propriate where "party seeking extension has made no attempts at discovery during all or most of the time available to it."). *But cf. In re Amezaga,* 192 B.R. 37, 41 (Bankr.D.P.R.1996) ("This court liberally grants motions for extension of time to object to discharge when the need for discovery is the basis of the request.").

*Grillo* at 747. Here, the Creditor sought no discovery whatsoever from the Debtor. All of the delay was in retrieving its own records.

### Conclusion

A total of 110 days transpired between the notice of case commencement and the deadline to file a complaint or seek an extension of time to file a complaint. By the movant's own affidavits, the Creditor took action on 2 of those days, and there is no record of any activity by the Creditor's attorney beyond the filing of the instant motion. The delay in assigning the case to counsel, counsel's delay in requesting data to evaluate the case, the failure to attend the section 341 meeting, the apparent lack of follow up by either the Creditor or its attorney, and the filing of the motion to extend on the day of the deadline all point to a lack of diligence.

Therefore, it is ORDERED AND ADJUDGED that Creditor Alabama Telco Credit Union's Motion for Enlargement of Time to File Adversary Proceeding is DENIED.