**In re Deborah Ann DENIKE, Debtor.**

**No. 04–6869–3F7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 5, 2005.

D. Todd Doss, Fort Lauderdale, FL, for Debtor.

Robert J. Perry, for Susan Katz.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon: 1) Debtor's Motion for Rehearing on Katz's Motion to Extend Time to Object to Discharge or Determine Dischargeability; 2) Debtor's Objection to Katz's Motion for Rule 2004 Examination; 3) Debtor's Motion to Vacate Order Granting Katz's Motion for 2004 Examination; 4) Debtor's Motion for Protective Order as to Katz's Motion for 2004 Examination; 5) Debtor's Objection to Katz's Subpoena for Rule 2004 Examination and Production of Documents and Motion for Protective Order; and 6) Debtor's Oral Motion for Extension of Time to Produce Bank Statements and Cancelled Checks. The Court conducted a hearing on December 21, 2004 and elected to take the matters under advisement. Upon review of the facts and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On July 2, 2004 Debtor filed a Chapter 7 bankruptcy petition. Gordon P. Jones (the "Trustee") was appointed as the trustee in the case. The 341 meeting of creditors was held on August 5, 2004, and the Trustee examined Debtor at that time. Katz, the holder of a legal malpractice claim against Debtor,[1] did not attend the meeting. The deadline to object to Debtor's discharge and/or the dischargeability of a particular debt was set for October 4, 2004. On August 17, 2004 Katz filed a Motion for Relief from the Automatic Stay.

On August 20, 2004 the Trustee filed Motion for 2004 Examination of Debtor. On August 23, 2004 the Court entered Order Directing Debtor to Appear for 2004 Examination. On September 13, 2004 Debtor filed an Amended Schedule B and C, as well as an Amended Summary of Schedules. The 2004 Examination took

---

1. Katz filed a lawsuit against Debtor in Broward County Circuit Court on February 13, 1998. A jury trial was scheduled for July 19, 2004.

place on September 29, 2004. Although Katz's attorney was present during the examination, he did not ask any questions.

On October 1, 2004 Katz filed Motion for Extension of Time to Object to Discharge or Dischargeability of Debt (the "Motion to Extend Time") stating that she needed additional time to review Debtor's amended schedules B and C and to obtain and review the 2004 examination transcript. On October 12, 2004 Debtor filed a response to Katz's Motion to Extend Time. On November 15, 2004 Katz filed Motion for 2004 Examination of Debtor. On November 16, 2004 the Court entered Order Authorizing Rule 2004 Examination of Debtor.

On November 24, 2004 the Court conducted a hearing on the Motion to Extend Time. The Court found that Katz demonstrated cause for the extension because Katz's attorney came into the case late and did not have an opportunity to fully examine Debtor. The Court entered Order Granting Motion to Extend Time to Object to Discharge or Dischargeability (the "Order Extending Time"). Debtor now moves the Court to vacate the Order Extending Time.[2] Debtor also objects to Katz's Motion for Rule 2004 Examination, seeks to vacate Order Granting Katz's Motion for 2004 Examination, seeks a protective order as to Katz's Motion for 2004 Examination, objects to Katz's Subpoena for Rule 2004 Examination and Production of Documents, and seeks an extension of time to produce bank statements and cancelled checks.

## CONCLUSIONS OF LAW

Section 727(a) of the Bankruptcy Code sets forth the circumstances under which a Chapter 7 debtor's discharge will be denied. Section § 523(a) of the Bankruptcy Code excepts certain debts from discharge in a Chapter 7 bankruptcy. According to § 523(c), a discharge under § 727 discharges an individual debtor of the debts specified in § 523(a)(2), (4), (6) or (15), unless, on request of a creditor to whom such debt is owed, and after notice and hearing, the court determines that such debt is non-dischargeable. Federal Rules of Bankruptcy Procedure 4004(a) and 4007(c) respectively set forth the time periods for filing a complaint objecting to discharge under § 727 or to determine the dischargeability of a debt under § 523(c). FED. R. BANKR. P. 4004(a) and 4007(c). Rules 4004(b) and 4007(c) respectively provide that on request of a party in interest, the court may, for cause, extend the time period to object to discharge or to the dischargeability of a particular debt under § 523(c). Any such motion must be filed before the time period to object to discharge or to the dischargeability of a debt has expired.

On October 1, 2004 Katz filed the Motion to Extend Time. The deadline to object to Debtor's discharge or to the dischargeability of a particular debt was set for October 4, 2004. Thus, according to Rules 4004(b) and 4007(c), Katz's Motion to Extend Time was timely filed. Therefore, the issue before the Court is whether

---

**2.** Although Debtor filed a Motion for Rehearing on Katz's Motion to Extend Time, the prayer for relief requested the entry of an order vacating the Order Extending Time and the entry of an order denying the Motion to Extend Time. Debtor proffered facts and made argument as to why the Order Extending Time should be vacated and the Motion to Extend Time should be denied. Katz proffered facts and made argument as to why the Order Extending Time should not be vacated. Neither party objected to the proffers or the procedure. The Court accepts the proffers and will construe the Motion for Rehearing as a Motion to Vacate Order Extending Time and Objection to Motion to Extend Time. The Court will rule without need for a further hearing.

Katz showed sufficient cause such that the Court should extend the time period.

█ A creditor's lack of diligence can be fatal to its request at the eleventh hour to obtain an extension of the time period to file an objection to discharge/dischargeability. *See In re Woods,* 260 B.R. 41 (Bankr.N.D.Fla.2001). In *Woods,* one hundred and ten days transpired between notice of the commencement of the case and the deadline to file a complaint or seek an extension of time to file a complaint. *Id.* The creditor neglected to act on all but two of those days. *Id.* Further, the court found that the creditor failed to attend the 341 meeting, delayed in requesting data to evaluate the case and failed to adequately follow the case. *Id.* Therefore, the court concluded that the creditor's conduct evidenced lack of diligence and consequently denied the motion for enlargement of time to file adversary proceeding.

The court's analysis in *Woods* is in harmony with the majority view, which reasons that there can be no cause for justifying an extension of time where the party seeking the extension failed to diligently pursue discovery prior to the expiration of the deadline. *See In re Grillo,* 212 B.R. 744, 747 (Bankr.E.D.N.Y.1997). The Court in *Grillo* synopsized the following cases in support of its holding:

*In re Mendelsohn,* 202 B.R. 831, 832 (Bankr.S.D.N.Y.1996) (no cause where creditor failed to seek a Rule 2004 examination and moved for an extension of time on last day to file objections to discharge); *In re Leary,* 185 B.R. 405, 406 (Bankr. D.Mass.1995) (cause absent where creditor waited until ten (10) days prior to expiration of the deadline to pursue requested Rule 2004 examinations); *Santana Olmo v. Quinones Rivera (In re Quinones Rivera),* 184 B.R. 178, 183 (D.P.R.1995) (request for extension is inappropriate where movant made "no attempts at discovery,

until his motion for extension of the deadline for objecting to discharge...."); *In re Farhid,* 171 B.R. 94, 97 (N.D.Cal.1994) (cause absent where creditor failed to attend section 341 meeting of creditors or request any Rule 2004 examination); *In re Dekelata,* 149 B.R. 115, 117 (Bankr. E.D.Mich.1993) (no cause where request for Rule 2004 examination was made for the first time 11 days prior to expiration of the deadline); *Littell v. Littell (In re Littell),* 58 B.R. 937, 938 (Bankr.S.D.Tex. 1986) (no cause where creditor failed to conduct discovery and motion for extension of time was filed day before deadline was to expire).

In light of the fact that Katz's legal malpractice lawsuit against Debtor has been pending in the Broward County Circuit Court for over six years and was set for a jury trial for July 19, 2004, the Court finds that Katz was intimately familiar with the facts of the case and did not need to conduct any further discovery to determine whether to file a complaint pursuant to § 523(a)(2), 523(a)(4), or 523(a)(6). Even assuming that additional discovery was necessary, the Court erred when it found that Katz's attorney came into the case late and did not have an opportunity to fully examine Debtor. Katz's attorney came into the case no later than August 17, 2004, 43 days before the Rule 2004 examination and 48 days before the deadline to file a complaint. Katz had ample opportunity to investigate and to solicit information from Debtor. Additionally, although Katz attended the Trustee-requested 2004 Examination of Debtor, she did not ask any questions and made no attempt to obtain an expedited copy of the transcript, notwithstanding the fact that the meeting took place five days before the deadline to object to discharge or dischargeability. Katz waited until three days before the expiration of the deadline

to expend any effort. Furthermore, in light of the fact that Debtor filed her amended schedules twenty one days before the deadline to file a complaint, Katz had ample time to review them.

Based upon the foregoing, the Court finds that Katz did not exercise an appropriate level of diligence with respect to her investigation of Debtor. Therefore, agreeing with the majority view that a lack of diligence can be fatal to a creditor's request at the eleventh hour to obtain an extension of the time period to file an objection to discharge and/or dischargeability, the Court concludes that cause did not exist to extend the time period and that it erred when it found to the contrary. The Court will enter a separate Order consistent with these Findings of Fact and Conclusions of Law

Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. Order Granting Katz's Motion to Extend Time to Object to Discharge or Dischargeability of the Debt is vacated.

2. Katz's Motion to Extend Time to Object to Discharge or Dischargeability is denied.

3. Debtor's Motion to Vacate Order Granting Katz's Motion for 2004 Examination is granted.

4. Debtor's Objection to Katz's Motion for Rule 2004 Examination is sustained.

5. Debtor's Motion for Protective Order as to Katz's Motion for Rule 2004 Examination is denied as moot.

6. Debtor's Objection to Katz's Subpoena for Rule 2004 Examination and Production of Documents is overruled as moot.

7. Debtor's oral motion for extension of time to produce certain documents is denied as moot.