In re Tobias KNOBEL, aka Toby Knobel, individually, and as officer, director, and sole shareholder of RTK, Inc., dba RPM, Ltd., a Colorado corporation, Social Security No. 158–36–2066, Debtor.

Bankruptcy No. 85 B 02808 C.

United States Bankruptcy Court,
D. Colorado.

Oct. 28, 1985.

Steven L. Zimmerman, Zimmerman & Schwartz, P.C., Denver, Colo., for debtor.

Sue Ann Fitch, Roath & Brega, Denver, Colo., for American Gramaphone Records, Inc.

ORDER ON MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE COMPLAINT OBJECTING TO DISCHARGE OR TO DETERMINE DISCHARGEABILITY OF DEBT AND ON MOTION FOR RELIEF FROM STAY

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is a motion for enlargement of time within which to file a complaint objecting to discharge or to determine dischargeability filed by American Gramaphone Records, Inc. (hereinafter AGR). The debtor, Tobias Knobel, opposes an enlargement of time and raises three arguments; first, since AGR has previously been dissolved, under Nebraska law it does not have the capacity to file suit in the debtor's bankruptcy proceeding. Second, no enlargement of time in which to file a complaint should be granted to AGR because cause has not been demonstrated as

required by Bankruptcy Rules 4004 and 4007. Third, due to the dissolution of the corporation and the subsequent substitution of parties for AGR in the pending state court proceeding, AGR is no longer a party in interest and therefore has no standing to contest either the debtor's discharge or the dischargeability of specified debts.

The facts are as follows. AGR was incorporated in the State of Nebraska. It supplied certain products to R.T.K., Inc., dba RPM, Ltd., of which the debtor was the president and sole shareholder. In March, 1984, AGR filed a complaint against the debtor in Boulder District Court which included causes of action for fraudulent conduct, misrepresentation, and sought to pierce the corporate veil of the debtor's corporation, R.T.K., Inc. A trial date was set for January, 1986. On February 22, 1985, AGR was issued a certificate of dissolution from the Nebraska Secretary of State.

Tobias Knobel filed a petition under Chapter 7 of the Bankruptcy Code on May 21, 1985. On August 22, 1985, the plaintiff filed both a motion for relief from stay and a motion for enlargement of time. The motion for relief from stay requested this Court allow the Boulder District Court action to proceed to trial and judgment in January, 1986. A hearing on the motion was held on September 9, 1985. This Court, for reasons stated on the record, indicated it would grant relief from stay contingent upon its finding that a dissolved corporation has the capacity under Nebraska law to bring a lawsuit. The issue requiring construction of Nebraska corporate law was taken under advisement and both parties submitted briefs. A hearing was also held on October 16, 1985, on the plaintiff's motion for enlargement of time within which to object to discharge or to determine dischargeability. This matter was taken under advisement and, like the issue construing Nebraska corporate law, it will be addressed herein.

As stated earlier, the debtor argues that the movant, AGR, does not have the capacity under Nebraska law to file a complaint in the bankruptcy proceeding. Yet the debtor acknowledges that the movant does have the capacity to pursue its pending claims against the non-debtor corporation in state court because those claims pre-existed the dissolution of AGR. The debtor's argument is based on the premise that a complaint objecting to discharge or dischargeability is not a mere continuation of the movant's state law claim, but rather a new cause of action based on federal standards as created in the Bankruptcy Code.

To begin with, Bankruptcy Rule 7017 incorporates Fed.R.Civ.P. 17 which provides, "[T]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed.R. Civ.P. 17(b). Since the plaintiff was incorporated under the laws of Nebraska, Nebraska law is controlling on the issue of capacity. The Nebraska Corporation Code provision pertaining to dissolution and survival of remedy provides as follows:

**Dissolution; survival of remedy.** *The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in sections 21–2001 to 21–20,134, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.* Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its

articles of incorporation at any time during such period of two years so as to extend its period of duration, and such amendment shall be deemed to relate back to such date of dissolution for all purposes.

Neb.Rev.Stat. § 21–20, 104 (1983) (emphasis added).

The Supreme Court of Nebraska has described this provision as a survival statute which destroys the capacity of a dissolved corporation to sue or be sued for claims existing prior to dissolution except within two years after the corporation has been dissolved. *Van Pelt v. Greathouse,* 219 Neb. 478, 364 N.W.2d 14 (1985).

It is uncontroverted that the facts giving rise to AGR's complaint occurred prior to its dissolution and that the complaint was commenced within two years after the dissolution. Nevertheless, the debtor asserts that the cause of action arose after the dissolution because objections to discharge and dischargeability are bankruptcy causes of action and the bankruptcy petition was not filed until after the corporation's dissolution.

■ The debtor did not provide persuasive legal authority supporting his position that an objection to discharge or to dischargeability is outside the ambit of "any remedy available to . . . such corporation, . . . for any right or claim existing . . . prior to such dissolution." Neb.Rev.Stat. § 21–20, 104 (1983). In addition, it is also clear that the debtor confuses "rights and claims" which, under the statute must come into existence prior to dissolution, with "available remedies," which bear no such similar restriction. In fact, the section is entitled "Dissolution: survival of remedy" because a remedy is preserved for a dissolved corporation by the commencement of a proceeding within two years after the date of the corporation's dissolution. Here the plaintiff's complaint raises claims for fraud and misrepresentation based upon facts the debtor acknowledges occurred before AGR was dissolved, further it is not disputed that the complaint was filed within the applicable two-year

period, therefore, the elements contained in the statute have been satisfied. While 11 U.S.C. §§ 523 and 727 became "available remedies" only after the debtor filed for bankruptcy, the remedy need not pre-exist the dissolution as long as the "right or claim" did. To hold otherwise would allow a party to immunize himself from post-dissolution lawsuits of pre-dissolution corporate claims merely by filing a bankruptcy, a result clearly not contemplated by Nebraska law. Thus, in accordance with Nebraska statutory law this Court finds that AGR corporation retains the capacity to bring this lawsuit.

The second argument raised by the debtor is that an enlargement of time in which the plaintiff may file its complaint objecting to discharge or to determine dischargeability is improper since the plaintiff has failed to show cause pursuant to Bankruptcy Rules 4004 and 4007. On the other hand, the plaintiff asserts that the underlying facts necessary for the determination of a denial of discharge or dischargeability need to be resolved in the state court first since it could substantially reduce the issues requiring resolution by the bankruptcy court.

Bankruptcy Rules 4004 and 4007 are similar in that they require a complaint in a Chapter 7 proceeding "shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." B.R. 4004(a), 4007(c). Additionally both rules give the court discretion to provide an extension of time for cause on a motion of any party in interest provided that the motion is made before the 60-day period has expired. B.R. 4004(b), 4007(c). Here it is undisputed that the motion for enlargement of time was filed within the applicable time period, i.e., not later than 60 days following the first date set for the meeting of creditors. Therefore the remaining issue concerns whether adequate cause has been shown.

While there is little authority addressing what constitutes "cause" under B.R. 4004 and 4007, it is generally agreed that excusable neglect is no longer the applicable

standard. The court in *In re Kellogg*, 41 B.R. 836 (Bankr.W.D.Okla.1984) ruled that an "extension should be granted liberally absent a clear showing of bad faith." 41 Bankr. at 838. Other courts still use two of the factors considered under the excusable neglect standard: (1) whether granting the delay will prejudice the debtor and (2) the length of the delay and its impact on efficient court administration. *In re Sturgis*, 46 B.R. 360 (Bankr.W.D.Okla.1985). *In re Magouirk*, 693 F.2d 948 (9th Cir. 1982).

■ In the present matter there is no evidence of bad faith on the part of the plaintiff. Furthermore, there will be little prejudice to the debtor since the movant has indicated its desire to submit the Boulder District Court judgment and record directly to the bankruptcy court. Most importantly, however, the Boulder District Court action is scheduled for trial on January 13, 1986, so there will be an insubstantial delay and, granting the extension impacts favorably on efficient court administration. It is axiomatic that sound policy mandates conservation of judicial resources. Here the plaintiff has moved for relief from stay so that the pending state action can proceed to trial. The plaintiff has indicated that the findings of the Boulder County District Court may substantially reduce the issues still requiring resolution by this Court. As a result this Court sees no reason why the plaintiff should commence proceedings in two forums simultaneously when the bankruptcy matter could be academic based upon the state court findings. Thus, out of respect for efficient court administration, this Court finds there is adequate cause to enlarge the time period for filing a complaint to object to discharge and to determine dischargeability.

The last issue concerns whether AGR is the real party in interest and thus has standing to object to discharge and dischargeability. Apparently, for the purposes of the state court proceeding, the movant stipulated that Louis F. Davis, Jr., and Dan Sears be substituted in place of the AGR for purposes of all claims and counterclaims. Additionally, Louis F. Davis, Jr., has assumed all liabilities and debts of the dissolved corporation. The debtor maintains that by virtue of these transfers of interest, AGR is no longer the real party in interest and as such, has no standing to bring this action.

Rule 17(a) of the Federal Rules of Civil Procedure requires that an action be brought in the name of the real party in interest. The rule also provides in part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a).

The purpose of this provision is to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought. This subsection reflects the general policy of the draftsman of the federal rules that the choice of a party at the pleading stage ought not to be made at the risk of final dismissal of the action should it later appear that there had been an error. In this respect the rule is consistent with the liberal relation back provision in Rule 15(c). Indeed, Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1555 (1971).

■ It appears that AGR has assigned the entirety of its rights in the state court action. Louis F. Davis, Jr., and Don Sears have been substituted for AGR for all claims and counterclaims and Mr. Davis has assumed all liabilities and debts of the dissolved corporation. Thus there does not appear to be any rights or liabilities that

AGR still retains. Consequently, although AGR has the capacity to bring this lawsuit, it appears it is no longer the real party in interest and an amendment should be made substituting Louis F. Davis, Jr., and Don Sears as the plaintiffs.

For the foregoing reasons this Court finds that AGR has the capacity, under Nebraska law, to bring a complaint objecting to the debtor's discharge or to determine dischargeability of a debt. Further this Court grants the plaintiffs' motion for enlargement of time to file such complaints and grants the plaintiffs leave to amend their pleadings to include the real party in interest.

ORDERED that American Gramaphone Records, Inc., be, and is hereby, granted relief from stay to proceed to trial and judgment in Civil Action No. 84–CV–9389 but no execution may be had on any judgment against the debtor without further order of this Court.

FURTHER ORDERED that plaintiff's motion for enlargement of time is granted such that it has 30 days after the judgment is entered by the Boulder County District Court to file their complaint.

FURTHER ORDERED that plaintiff has 10 days to amend their caption.