In re David Dewayne CLOSE, Jr., Jada Kathleen Close, Debtors.

No. 06–20195.

United States Bankruptcy Court, D. Kansas.

Oct. 18, 2006.

Cynthia F. Grimes, Lenexa, KS, for Debtors.

## MEMORANDUM AND ORDER DENYING IN PART UNITED STATES TRUSTEE'S MOTION TO DISMISS

ROBERT D. BERGER, Bankruptcy Judge.

The United States Trustee's Motion to Dismiss Pursuant to Section 707(b)[1] is currently pending before the Court. Debtors David Dewayne Close, Jr., and Jada Kathleen Close appear by counsel Cynthia F. Grimes. The United States Trustee ("UST") appears by David P. Eron. The UST seeks dismissal first for presumed abuse under 11 U.S.C. § 707(b)(2). The UST secondarily seeks dismissal alleging the totality of the circumstances demonstrates abuse under 11 U.S.C. § 707(b)(3). Debtors respond that the UST's Motion to Dismiss based upon presumptive abuse is time-barred pursuant to 11 U.S.C. § 704(b)(1).[2] The timeliness of the UST's motion under § 707(b)(2) is determined by the meaning of 11 U.S.C. § 704(b)(1)(A) and is decided as a matter

---

1. Doc. No. 19. The UST's supporting briefs are Doc. Nos. 20 and 35.

2. Debtors' response and brief in support are Doc. Nos. 29 and 36.

of law.[3] Having examined the statute, reviewed the pleadings, and heard oral argument, the Court concludes that the portion of the UST's Motion to Dismiss based upon the presumption of abuse under 11 U.S.C. § 707(b)(2) is time-barred.

### Factual Matters

Debtors filed their Chapter 7 petition on February 28, 2006. Their Form B22A indicated a presumption of abuse. Debtors reported $55,536.48 in annualized gross income. The median income for a family of two in Kansas is $50,258.00. Debtors completed the remaining sections of Form B22A because they are above-median. After Debtors' reported expenses were deducted from their reported income, Debtors indicated a net monthly disposable income of $192.96, or $11,577.60 over 60 months.

The § 341 meeting of creditors was scheduled for March 30, 2006. On March 14, 2006, the UST requested additional information from Debtors. The Chapter 7 Trustee called the first meeting of creditors on its scheduled date but continued it at the UST's request to April 27, 2006, pending additional information to be supplied by the Debtors. Debtors responded to the UST's requests, and the continued meeting of creditors was concluded on April 27, 2006, without the parties actually meeting.

Meanwhile, the Debtors were under the mistaken belief that their case did not trigger a presumption of abuse. The Debtors' mistake is blamed upon a hasty filing resulting in data input errors on the Form B22A. The Debtors claim they did not know their case was under scrutiny for presumptive abuse until May 1, 2006, when the UST filed a notice of presumptive abuse under § 704(b)(1)(A). The UST filed a Motion to Dismiss on May 30, 2006. The Debtors filed an Amended Form B22A on June 20, 2006, indicating a presumption of abuse does not arise. Debtors' amendment indicates $55,223.16 in annualized gross income, which is still above-median; however, amendments to Debtors' expenses indicate no presumption of abuse.

Debtors filed a response to the UST's Motion to Dismiss on July 5, 2006, asserting the motion is time-barred by § 704(b)(1)(A) because the notice of presumed abuse was filed ten days after the conclusion of the § 341 meeting rather than the first date of the § 341 meeting. The parties agreed to the Court first deciding the legal issue of the timeliness of the Motion to Dismiss.

### Discussion

The issue is when does 11 U.S.C. § 704(b)(1)(A)[4] require the UST to file a statement regarding whether the debtor's case is presumed to be an abuse under § 707(b). Section 704(b)(1)(A) states,

[T]he United States trustee ... shall review all materials filed by the debtor and, *not later than 10 days after the date of the first meeting of creditors,* file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b). . . . (Emphasis added.)

Additionally, section 704(b)(2) provides,

The United States trustee ... shall, *not later than 30 days after the date of*

---

3. *In re Young,* 237 B.R. 791, 795 (10th Cir. BAP 1999).

4. The revised Bankruptcy Abuse Prevention Consumer Protection Act of 2005 ("BAPC-PA") became effective in cases filed after October 17, 2005. All future statutory references are to BAPCPA.

*filing a statement under paragraph (1),* either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee ... does not consider such a motion to be appropriate.... (Emphasis added.)

### Rules of Statutory Construction

■■■■ The plain meaning of an unambiguous statute governs, barring exceptional circumstances.[5] When interpreting a statute, the Court examines the language and employs its common meaning, provided the result is not absurd or contrary to legislative purpose.[6] The Court's function is to enforce statutes as written.[7]

### Arguments

Both parties rely on the plain reading of the statute to support their positions. The Debtors read *"the date of the first meeting of creditors"* to mean the date on which the hearing is first scheduled. The UST, on the other hand, argues *"the date of the first meeting of creditors"* means the entire § 341 meeting as it may be continued from time to time, and *"date"* refers to the date the meeting is concluded. The UST posits that "first meeting of creditors" is synonymous with " § 341 meeting," no matter how many dates "first meeting of creditors" may take. Thus, in effect, the UST reads into the statute "the date of the

*conclusion* of the first meeting of creditors." In rebutting the Debtors' position, the UST then argues that it is the Debtors who are reading language into the statute. The UST argues that in order to prevail, the Debtors must read "the date *first set for* the first meeting of creditors" into the statute. The UST concludes that because the statute does not say the *"first date set for,"* the statute cannot be interpreted to mean the first § 341 meeting date.

### Analysis

While the Code contains many deadlines triggered by the § 341 meeting, the syntax is rarely identical. For example, § 521 makes several references to the meeting of creditors. The debtor must file a statement of intention 30 days after the first date set for the meeting of creditors.[8] The debtor must reaffirm or redeem not later than 45 days after the first meeting of creditors.[9] The debtor shall provide his tax returns not later than 7 days before the date first set for the first meeting of creditors.[10] Elsewhere, the debtor's requirement to file tax returns must be accomplished not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a).[11] The confirmation hearing must be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a).[12] Accordingly, reference to other Code sections is not helpful when there is no unifor-

---

**5.** *INS v. Cardoza–Fonseca,* 480 U.S. 421, 432 n. 12, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434 (1987).

**6.** *Dalton v. Internal Revenue Service,* 77 F.3d 1297, 1299 (10th Cir.1996).

**7.** *Lamie v. United States Trustee,* 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

**8.** 11 U.S.C. § 521(a)(2)(B).

**9.** 11 U.S.C. § 521(a)(6).

**10.** 11 U.S.C. § 521(e)(2)(A)(i).

**11.** 11 U.S.C. § 1308(a).

**12.** 11 U.S.C. § 1324(b).

mity in the word order.[13]

■ Enforcing § 704(b)(1)(A) according to its plain terms ends the inquiry. The statute requires the UST to file a statement of presumed abuse not later than ten days after the date of the first meeting of creditors. The language is not vague or ambiguous and does not need extraneous verbiage to clarify its meaning. The plain reading of the phrase refers to the first meeting date and not some later date. As the Court reviews the transcript and pleadings, only the UST is reading more into the statute than what it unambiguously states. In either forwarding her own position by reading *"conclusion"* into § 704(b)(1)(A), or attacking the Debtors' position by requiring *"first date set for"* be added to § 704(b)(1)(A), the UST must add words to the statute to make her interpretation work.

Furthermore, the plain reading of the statute sets a precise deadline. If the UST's interpretation were accepted, the deadline would be open to manipulation. Panel trustees who preside over § 341 meetings can hold meetings open for months. Federal Rule of Bankruptcy Procedure 2003(e) allows the meeting to be "adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." A statutory deadline should not be extended or held captive so informally based on the panel trustee's unilateral decision.

In this case, the first meeting of creditors was March 30, 2006. Accordingly, the UST should have filed the statement on or before April 10, 2006, and should have filed the motion to dismiss under § 707(b)(2) 30 days later by May 10, 2006. Accordingly, the UST's Motion to Dismiss under § 707(b)(2) is untimely.

As a fallback position, the UST argues imposition of a 10–day deadline from the date of the first meeting of creditors is too burdensome. However, a party's burden does not excuse the required action. The UST has options when faced with an uncooperative debtor and time constraints. She may move to continue the first date set for the § 341 hearing[14] or file the presumption of abuse statement based upon the debtor's failure to provide sufficient information.[15]

### Conclusion

For the foregoing reasons, the United States Trustee's Motion to Dismiss based upon the presumption of abuse arising under 11 U.S.C. § 707(b)(2) is DENIED. The parties shall prepare for a final determination of the United States Trustee's Motion to Dismiss based upon the totality of the circumstances under 11 U.S.C. § 707(b)(3). A scheduling conference shall be set by separate order.

---

13. While it is interesting to note that all statutory deadlines triggered by the § 341 meeting are tied to its initial setting, and the Bankruptcy Rules of Procedure tie some deadlines to the conclusion of the § 341 meeting, neither are determinative of the deadline set by § 704(b)(1)(A).

14. *See, e.g., In re Vance*, 176 B.R. 772 (Bankr. W.D.Va.1995) (Court has authority to continue first scheduled meeting under § 341 to allow requesting party more time to prepare).

15. *See, e.g., In re Fawson*, 338 B.R. 505 (Bankr.D.Utah 2006) (United States trustee filed a § 704(b)(1)(A) notice ten days after first meeting of creditors, which was also continued, because debtor had not provided sufficient information for trustee to make a determination of presumed abuse under § 707(b)).