**In re Cheryl Duffie MOLITOR, Debtor.**

No. 07–11472.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Sept. 5, 2008.

Lee Ringler, Lee Ringler Law Offices, Augusta, GA, for Debtor.

## ORDER

SUSAN D. BARRETT, Bankruptcy Judge.

This order considers the following two issues: 1) whether the United States Trustee ("UST") is required to file his § 704(b)[1] presumption of abuse statement within 10 days of the "Commencement" or "conclusion" of the § 341 meeting of creditors; and 2) whether sufficient "cause" exists to extend the deadlines for the UST to file a § 707(b)(3) motion to dismiss and/or a § 727 objection to discharge. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (J).

<hr>

1. Unless otherwise noted all statutory references refer to title 11 of the United States Code.

## FINDINGS OF FACT

The parties have submitted the following Joint Stipulation of Facts:

Cheryl Duffie Molitor ("Debtor") filed a chapter 7 bankruptcy petition on August 23, 2007. (Joint Stipulation of Facts ¶ 1, Dckt. No. 41.) In connection with her bankruptcy petition, Debtor submitted her Official Means–Test Calculation ("Form 22A"), with the upper right hand corner reflecting "the presumption [of abuse] arises." (*Id.* Ex. 1.) On September 17, 2007, the UST's office sent an email to Debtor's counsel requesting certain documents and directing the chapter 7 trustee not to conclude the meeting of creditors. (*Id.* ¶ 2.)

On September 19, 2007, the chapter 7 trustee convened the meeting of creditors. (*Id.* ¶ 3.) Debtor appeared with her counsel and answered questions regarding her petition. (*Id.*) As customary in chapter 7 proceedings in this division, no one from the UST's office appeared at the meeting. (*Id.*)

At the September 19th meeting, Debtor produced copies of her 2005 and 2006 tax returns, but did not produce the other documents requested by the UST. (*Id.* ¶ 4.) As requested by the UST, the chapter 7 trustee did not conclude the meeting, rather he adjourned the meeting until October 17, 2007.(*Id.*) At the meeting, Debtor's counsel orally objected to the trustee's adjournment of the meeting. (*Id.*) No written objection to the adjournment has been filed with the court.

On September 28, 2007, Debtor's counsel forwarded additional information to the UST. (*Id.* ¶ 8.) On October 12, 2007, the UST forwarded an email to Debtor's counsel detailing the results of the UST's anal-

ysis regarding the presumption of abuse. (*Id.* ¶ 9.) The email questioned several of Debtor's calculations and indicated the UST would direct the chapter 7 trustee to conclude the meeting of creditors. (*Id.* Ex. 7.) In addition, the email notified Debtor of the UST's intent to file a statement of presumed abuse within 10 days after the October 17th meeting. (*Id.*)

On October 17, 2007, the chapter 7 trustee reconvened the meeting of creditors. (*Id.* ¶ 10.) As before, the chapter 7 trustee, Debtor and Debtor's counsel attended the meeting, but the UST did not attend. (*Id.*) The chapter 7 trustee concluded the meeting on October 17th. (*Id.*) On Monday, October 29, 2007, the UST filed a statement of presumed abuse. (*Id.* ¶ 11.) Thirty days thereafter, on November 28, 2007, the UST filed a motion to dismiss Debtor's bankruptcy petition, based upon the presumption of abuse under § 707(b)(2) and the "totality of the circumstances" under § 707(b)(3). (*Id.* ¶ 14.)

Furthermore, on November 16, 2007 and prior to filing the motion to dismiss, the UST filed a motion for extension of time to file a motion to dismiss pursuant to Interim Bankruptcy Rules 1017(e)(1) and 4004(a) regarding potential §§ 707(b) and 727 claims. (*Id.* ¶ 12.) On November 26, 2007 Debtor filed a response requesting these motions to extend time be denied. (*Id.* ¶ 13.) At the hearing, the matter was taken under advisement with the parties submitting briefs and various related pleadings through April.

## CONCLUSIONS OF LAW

### Timeliness.

■ The threshold issue is whether the UST's § 707(b)(2) motion to dismiss is timely. Bankruptcy Code section 704(b) provides in pertinent part:

(b)(1)(A) the United States trustee . . . shall review all materials filed by the debtor and, ***not later than 10 days after the date of the first meeting of creditors,*** file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b); and

. . .

(2) The United States trustee . . . shall, not later than ***30 days after the date of filing a statement under paragraph (1),*** either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee . . . does not consider such a motion to be appropriate

. . . .

11 U.S.C. § 704(b)(emphasis added).

■ Debtor argues § 704(b)(1) requires the UST to file his statement of abuse within 10 days of the beginning, or "first" meeting of creditors. Conversely, the UST argues the 10–day period runs from the "conclusion" of the meeting of creditors. Resolving such disputes begins with the language of the statute. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Debtor argues the language of § 704(b)(1)(A) means the UST's statement must be filed within 10 days after the actual "first" date of the meeting of creditors, namely September 19, 2007. In support of this position, Debtor cites *In re Close,* 384 B.R. 856 (D.Kan.2008) which provides:

[T]he statutory language of § 704(b)(1)(A) supports a plain language interpretation that "first" means "first." In other words, the plain meaning of the phrase "date of the first meeting of creditors" refers to the first meeting date and not some later date. The language is not vague or ambiguous and

does not need extraneous verbiage to clarify its meaning.

*Close,* 384 B.R. at 866.

Conversely, the UST argues the 10–day period runs from the "conclusion" of the first meeting of creditors. The UST argues "first meeting of creditors" is a term of art and does not mean the date the meeting of creditors is "first" convened. I agree.

"First meeting of creditors" is a term of art among bankruptcy practitioners and synonymous with "the 341 meeting" and the "meeting of creditors." Through the years, courts' usage of the generic term "first meeting of creditors" confirms this conclusion. *See, e.g. Latman v. Burdette,* 366 F.3d 774, 784 n. 7 (9th Cir.2004) (noting the Rules "require that the first meeting of creditors occur between 20 and 40 days following the order for relief"); *In re Dickinson,* 2000 WL 1761065, at *1 (10th Cir.2000) ("The first meeting of creditors held pursuant to § 341 was initially set for . . . ."); *In re Dunlap,* 217 F.3d 311, 312 (5th Cir.2000) (defining "first meeting of creditors" as "section 341 meeting"); *In re Jost,* 136 F.3d 1455, 1457 (11th Cir.1998) (for purposes of the opinion, defining "first meeting of creditors" as " § 341 meeting").

 "[W]here words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country, they are presumed to have been used in that sense." *Standard Oil Co. of N.J. v. United States,* 221 U.S. 1, 59, 31 S.Ct. 502, 55 L.Ed. 619 (1911). "Courts should avoid slicing a single word from a sentence, mounting it on a definitional slide, and putting it under a microscope in an attempt to discern the meaning of an entire statutory provision." *Wachovia Bank, N.A. v. United States,* 455 F.3d

1261, 1267 (11th Cir.2006). Rather, "[s]tatutory construction is a holistic endeavor." *Koons Buick Pontiac GMC, Inc. v. Nigh,* 543 U.S. 50, 60, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004) (internal quotations and citations omitted). "[W]e do not read words or strings of them in isolation. We read them in context. We try to make them and their near and far kin make sense together, have them singing on the same note, as harmoniously as possible." *Wachovia Bank,* 455 F.3d at 1268.

The genesis of the term "first meeting of creditors" may be found in section 55 of the Bankruptcy Act of 1898, which was repealed and replaced by the 1978 Bankruptcy Code.[2] As amended, section 55 of the Bankruptcy Act provided:

Sec. 55. Meetings of Creditors.

(a) The court shall cause *the first meeting of the creditors* of a bankrupt to be held not less than ten nor more than thirty days after . . .

(b) At *the first meeting of creditors* the judge or referee shall preside . . .

(d) The court shall *call a meeting of creditors* whenever one-fourth or more in number . . . shall file a written request . . .

(e) Whenever the affairs of the estate are ready to be closed a *final meeting of creditors* shall be ordered.

11 U.S.C. § 91 (1978). Thus, Section 55 established a scheme involving three types of meetings: (1) the first meeting of creditors; (2) additional special meetings; and (3) final meetings. *See In re DiGregorio,* 187 B.R. 273, 275 (Bankr.N.D.Ill.1995).

The Bankruptcy Reform Act of 1978 ("the Code") initially abolished the distinctions between these various meetings and provided:

---

**2.** Bankruptcy Act, 11 U.S.C. § 91 (1978) (repealed and replaced by Bankruptcy Reform

Act of 1978, Pub.L. No. 95–598, § 401, 92 Stat. 2549 (1978)).

(a) Within a reasonable time after the order for relief in a case under this title, there shall be a *meeting of creditors.* 11 U.S.C. § 341 (1979).

The 1986 amendments to the Code reincorporated the concept of the final meeting of creditors, amending § 341(c) to provide "[t]he court may not preside at, and may not attend, any meeting under this section including any *final meeting of creditors* ". Bankruptcy Judges, U.S. Trustees, & Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, § 212, 100 Stat. 3088 (1986). Furthermore, the 1991 amendments to the Bankruptcy Rules reintroduced the concepts of the "special meeting" and "final meeting." [3] *See* 9 Collier on Bankruptcy ¶ 2003.RH[3], p.2003–21 (15th ed. rev.2008).

With the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),[4] Congress reintroduced the phrase "first meeting of creditors" to the Code:

- "The debtor shall ... in a[n individual] case under chapter 7 ... not retain possession of personal property as to which a creditor has an allowed claim ... unless the debtor, not later than 45 days after the *first meeting of creditors* under section 341(a) ...." § 521(a)(6);
- "The debtor shall provide not later than 7 days before the *date first set* for the *first meeting of creditors* ...." § 521(e)(2)(A);
- "Once your case starts, you will have to attend the required *first meeting of creditors,* where you may be questioned by a court official called a 'trustee' and by creditors." § 527(b);
- "[T]he United States trustee ... shall review all materials filed by the debtor and, not later than *10 days after the date of the first meeting of creditors,* file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b). § 704(b)(1)."

█ After a 28–year hiatus, BAPCPA reintroduced the term "first meeting of creditors" into the Code. "When Congress amends the bankruptcy laws, it does not write 'on a clean slate.' " *Dewsnup v. Timm,* 502 U.S. 410, 419, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). "It is a well-established rule of construction that '[w]here Congress uses terms that have accumulated settled meaning under ... the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.' " *Neder v. United States,* 527 U.S. 1, 21, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (quoting *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 322, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)); *see Standard Oil Co. of N.J. v. United States,* 221 U.S. 1, 59, 31 S.Ct. 502, 55 L.Ed. 619 (1911) ("[W]here words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country, they are presumed to have been used in that sense"). Finally, the Supreme Court warns against improving the plain language of statutes to

---

**3.** Federal Rule of Bankruptcy Procedure 2003(f)-(g) (1991) provides:

(f) Special meetings. The United States trustee may call a special meeting of creditors on request of a party in interest or on the United States trustee's own initiative.
(g) Final meeting. If the United States trustee calls a final meeting of creditors ...

[t]he trustee shall attend the final meeting and shall, if requested, report on the administration of the estate.

**4.** Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 199 Stat. 23 (2005).

achieve a particular result. *United States v. Locke,* 471 U.S. 84, 95, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) ("[T]he fact that Congress might have acted with greater clarity or foresight does not give courts a *carte blanche* to redraft statutes in an effort to achieve that which Congress is perceived to have failed to do").

Reviewing the historical usage of the term "first meeting of creditors" reflects it designates the type of creditors' meeting, not the first convening of such meeting. Specifically, "first" designates the initial "meeting of creditors," as opposed to the "final" meeting, or a "special" meeting. However, the "first meeting" need not conclude in one session. The Rules provide "[t]he meeting [of creditors] may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." Interim Fed. R. Bankr.P.2003(e); *see also* 11 U.S.C. § 1308(b)(1) (granting the UST the power to "hold open" the meeting of creditors for a "reasonable period of time" to give debtor additional time to file tax returns); *In re Bernard,* 40 F.3d 1028, 1031 (9th Cir.1994) ("Bankruptcy Rule 2003(e) recognizes that the creditors' meeting [cannot] always be completed in one session. It thus authorizes the trustee to adjourn the meeting to enable the debtor to give additional testimony or to enable creditors to conduct additional examination." (internal quotations omitted)).

Additional textual support is found in BAPCPA. For example, debt relief agencies are required to inform all debtors they must attend the "required first meeting of creditors." 11 U.S.C. § 527(b). This requirement is not satisfied merely by showing up to only the first session of the meeting of creditors. Instead, the debtor must attend all sessions of the "first meeting of creditors."

When viewed in this context, I find the 10–day deadline in § 704(b)(1)(A) runs from the conclusion of the meeting of creditors. *In re Cadwallder,* 2007 WL 1864154, at *11–13 (Bankr.S.D.Tex.2007) ("The ten days in which the U.S. Trustee must file his statement runs from the end of the creditors' meeting, not the commencement"); *In re Clark,* Case No. 07–40251, slip op. at 1 (Bankr.W.D. Mo. June 1, 2007) (*available at,* UST Reply Br. Regarding Timeliness App. at 38, Dckt. No. 34) ("the 10–day deadline under § 704(b)(2) is calculated from the date of the conclusion of the Section 341 Meeting of Creditors, and not from the first date set for such meeting"); *In re Williams,* Case No. 06–20116, slip op. at 3 (Bankr. S.D.Tex. May 14, 2007) (*available at,* UST Reply Br. Regarding Timeliness App. at 34, Dckt. No. 34) ("the deadline for filing a presumption of abuse statement runs from the conclusion of the first meeting of creditors"); *In re Sloan,* Case No. 06–11490, slip op. at 5 (Bankr.W.D.Okla. Feb, 6, 2007) (*available at,* UST Reply Br. Regarding Timeliness App. at 27, Dckt. No. 34) ("this court finds it clear that Congress intended the operative date under § 704(b) to be the conclusion, and not the commencement, of the § 341 meeting"). *See also,* H.R.Rep. No. 109–31, pt. 1, at 52 (2005) (BAPCPA legislative history remarks section 704 requires the statement of presumed abuse to be filed "within ten days following the meeting of creditors held pursuant to section 341 of the Bankruptcy Code"); 6 Collier on Bankruptcy ¶ 704.17[1], p. 704–37 (15th ed. rev.2008) ("logically it makes sense" for the deadline for a statement of presumed abuse to run from "the conclusion of the meeting of creditors, rather than the first date set for the meeting of creditors, which is specifically referenced in some other Code provisions enacted at the same time"). *But see In re Close,* 384 B.R. 856, 866 (D.Kan.2008)

("the plain meaning of the phrase 'date of the first meeting of creditors' refers to the first meeting date and not some later date").

Debtor also argues the UST's interpretation of the deadline running from the conclusion of the § 341 meeting allows the UST to manipulate the deadline by holding the meeting open indefinitely.

> If the UST's interpretation were accepted, the deadline would be open to manipulation. Panel trustees who preside over § 341 meetings can hold meetings open for months. Federal Rule of Bankruptcy Procedure 2003(e) allows the meeting to be 'adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice.' A statutory deadline should not be extended or held captive so informally based on the panel trustee's unilateral decision.

*In re Close*, 353 B.R. 915, 918 (Bankr. D.Kan.2006), *affirmed, In re Close*, 384 B.R. 856, 866–67 (D.Kan.2008).[5]

While the UST's position potentially allows manipulation of the deadline by the UST, the converse also is true. Namely, if Debtor's interpretation were accepted, debtors could manipulate the system. *See In re Williams*, Case No. 06–20116, slip op. at 3 (Bankr.S.D.Tex. May 14, 2007) (*available at*, UST Reply Br. Regarding Timeliness App. at 34, Dckt. No. 34) ("Debtors could simply drag their feet in providing information requested by the UST and avoid the presumption of abuse"). For example, debtors could manipulate the system by delaying document production. *See In re Sloan*, Case No. 06–11490, slip op. at 5 (Bankr.W.D.Okla. Feb, 6, 2007) (*available at*, UST Reply Br. Regarding

Timeliness App. at 27, Dckt. No. 34) (noting debtors filed amended schedules four days after the initial § 341 session, which would leave the UST only six days to file the 10–day statement of abuse if the deadline runs from the beginning of the § 341 meeting).

Nevertheless, a remedy exists to address improper "manipulation" of the deadline; Debtor may seek judicial review of the UST's decision to adjourn the meeting of creditors to a later date. *See generally In re Vance*, 120 B.R. 181 (Bankr. N.D.Okla.1990). In the instant case, Debtor orally objected to the adjournment of the § 341 meeting on the record at the meeting, but never filed a motion seeking judicial review of the UST's decision or requesting the meeting be concluded. Therefore, the issue is not properly before me.

For these reasons, I find the § 704(b)(1)(A) deadline for the UST to file a statement of presumed abuse is 10 days from the conclusion of the meeting of creditors. In this case, the meeting of creditors concluded October 17, 2007. On October 29, 2007, the UST filed a statement of presumed abuse, within the 10–day deadline.[6] The UST filed a motion to dismiss for presumed abuse under § 707(b)(2) on November 28, 2007. As this motion to dismiss was filed within the 30–day deadline of § 704(b)(2), I find the motion to dismiss under § 707(b)(2) is timely.

### UST's Motion for Extension of Time to file a Motion to Dismiss Pursuant to § 707(b)(3)(b) and an Objection to Discharge Pursuant to § 727.

▮▮▮▮ In addition to the motion to dismiss for presumed abuse pursuant to

---

5. The affirming district court decision endorses a similar position, finding § 704(b) was intended to "expedite the basic determination of whether a party should be in bankruptcy." *Close*, 384 B.R. at 868 (D.Kan.2008).

6. October 27th fell on a Saturday. Under Interim Bankruptcy Rule 9006(a), the 10–day period expires at the end of the next business day, October 29, 2007.

§ 707(b)(2), UST filed a motion to dismiss under § 707(b)(3)(B) based upon the totality of the circumstances.[7] The deadlines to file a § 707(b)(2) motion to dismiss for presumed abuse and a § 707(b)(3) motion to dismiss for the totality of the circumstances are different. The timeliness of a § 707(b)(3) motion to dismiss is governed by Interim Bankruptcy Rule 1017(e)(1), which states in relevant part:

> (1) Except as otherwise provided in § 704(b)(2), a motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within *60 days after the first date set* for the *meeting of creditors* under § 341(a), unless, on request filed before the time has expired, the court *for cause* extends the time for filing the motion to dismiss.

Interim Fed. R. Bankr.P. 1017(e) (emphasis added). The date first set for the meeting of creditors was September 19, 2007. The UST filed the motion to dismiss for totality of the circumstances under § 707(b)(3) on November 28, 2007. Thus, the motion to dismiss was not filed within the 60–day deadline. However, the UST did file a motion to extend the time to file a § 707(b)(3) motion to dismiss for the totality of the circumstances on November 16, 2007, within the 60–day period. The UST's motion requests the Court extend the time to file a motion to dismiss "for cause." The UST has the burden of proof to show "cause". *In re Stonham,* 317 B.R. 544, 547 (Bankr.D.Colo.2004). " 'Cause' is not defined, and the determination is committed to the Court's discretion." *In re Nowinski,* 291 B.R. 302, 305 (Bankr.

S.D.N.Y.2003). Generally, "cause" is fact-specific and must be determined on a case-by-case basis. *Stonham,* 317 B.R. at 547–48.

The UST's motion to extend time fails to specify the "cause" necessitating the extension request; however, the UST did file a brief in support of the motion nearly two months later arguing "cause" exists. Specifically, the UST argues "cause" exists because he exercised diligence and because Debtor's assertion that her income and expenses would change significantly required the UST to wait until the anticipated changes were realized. I disagree.

 The movant seeking an extension of time must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *Stonham,* 317 B.R. at 547. Given the specific facts of this case, I find cause to extend the deadline does not exist. Debtor's counsel provided documentation to the UST on or before September 28, 2007, more than 50 days before the deadline. The UST's October 12th email recognizes the presumption of abuse, and states the UST's intent to file a 10–day statement of abuse. The UST's email fails to request any additional documentation from Debtor. The closing line of the email notes "[i]f there is further information or documentation which you would like for our office to review ... please submit immediately and we will review." (Joint Stipulation of Facts Ex. 7, Dckt. No. 41.)

The UST argues he exercised diligence by pursuing information from the Debtor

---

7. Section 707(b)(3)(B) provides:

(b)(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—

...

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

through informal means; however, no formal discovery requests were filed until after the deadline had expired.[8] While the mere failure to attend the § 341 meeting of creditors or request a 2004 examination is not fatal,[9] given the facts of this case, I find the UST has failed to carry his burden to show cause exists to extend the deadline. The UST had the necessary information on October 12th and waited until November 16th, the day before the deadline, to request an extension. The issues presented are not complex. There is no allegation Debtor has acted in bad faith. The UST points to the fact that his office has limited resources. While the Court is sympathetic to this position, Debtor and Debtor's counsel are in similar situations. Obviously, Debtor has filed bankruptcy because of financial difficulties. Tension exists between the Debtor's interest in obtaining a prompt "fresh start" and the UST's statutory duties to prevent abusive bankruptcy filings. The Bankruptcy Rules strike a balance between these competing interests by providing the UST 60 days from the first date set for the § 341 meeting of creditors to review Debtor's filings, investigate, and if necessary, file a motion to dismiss. Interim Bankruptcy Rule 1017(e)(1). The UST may obtain additional time with a showing of "cause." Allowing the UST additional time when he has failed to diligently investigate would ignore the mandated deadlines and diminish Debtor's legitimate interest in a prompt and speedy resolution of her bankruptcy case.

■■■ The UST also argues "cause" exists due to the contingent nature of Debtor's income and health care expenses.

Specifically, the UST argues since Debtor's Form 22A anticipates a significant decrease in income over the winter months and an increase in health care expenses, "cause" exists to see if these changes materialize. However, dispute of the legitimacy of these items does not constitute "cause." "[T]he means test is aimed at capturing a snapshot of the debtor's financial state as of the date the petition is filed, rather than at constructing a forward-looking analysis of the debtor's financial situation." *Fokkena v. Hartwick (In re Hartwick)*, 373 B.R. 645, 655 (D.Minn.2007). Debtor disclosed her actual income and expenses on her Form 22A. She merely pointed out that she expected her income to drop and her expenses to increase. Without the consent of the parties, there is no reason for the UST to await this information. In fact, without any additional information, the UST filed a § 707(b)(3) motion to dismiss on November 28th, twelve days after filing his motion to extend time, and without any additional discovery. Thus, the UST's motion to extend time to file a § 707(b)(3) motion to dismiss is denied.

■■■ In addition to the motions to dismiss, the UST also seeks to extend time to file a motion objecting to discharge pursuant to § 727. The timeliness of a § 727 motion objecting to discharge is governed by Interim Bankruptcy Rule 4004(a) and (b), which states in relevant part:

(a) In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than *60 days after the first date set for* the *meeting of creditors* under § 341(a). . . .

---

8. On December 12, 2007, the UST presented Debtor with formal discovery requests. (Joint Stipulation of Facts ¶ 15, Dckt. No. 41.)

9. *See Stonham*, 317 B.R. at 549 (finding even though creditor failed to attend § 341 meeting of creditors or conduct a Rule 2004 exam, creditor exercised enough diligence to show cause).

(b) On motion of any party in interest, after hearing on notice, the court may *for cause* extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Interim Fed. R. Bankr.P. 4004(a)-(b) (emphasis added). The date first set for the meeting of creditors was September 19, 2007.

The UST's motion to extend time contains no reason showing "cause." Nonetheless, as discussed above, the UST's brief filed nearly two months later states "[t]he U.S. Trustee's extension Motion also seeks an extension of the Rule 4004(a) deadline to preserve the right to object to discharge in the event that future disclosures by the debtor establish grounds for such action." (UST Reply Br. In Support of Mot. To Extend Time at 7–8, Dckt. No. 32.)

■■■■■ "The discharge is the most important element of the debtor's fresh start. Accordingly, the debtor has an interest in the prompt resolution of discharge issues, and the law sets a tight time frame for discharge objections." *Nowinski*, 291 B.R. at 305 (citations omitted). An objection to discharge is not a weapon to be stockpiled for some future battle with the Debtor. There was no formal discovery regarding § 727 matters pending when the extension request was filed. For these reasons, I find the UST has failed to establish "cause" to extend the time and therefore deny his motion to extend time to file a § 727 objection to discharge.

For the foregoing reasons, Debtor's Objection to the United States Trustee's Motion to Dismiss is GRANTED in part and DENIED in part. The clerk's office is directed to set a hearing on the United States Trustee's Motion to Dismiss for presumed abuse. The United States Trustee's Motion to Extend Time is DENIED.